(81 Misc. Rep. 154.)

PEOPLE v. STRAUS et al.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. ADULTERATION (§ 7*)—DEFENSES—"HYDROGEN PEROXIDE"—"HYDROGEN DIOXIDE."

In an action by the state for a penalty for selling hydrogen peroxide below the standard, it cannot be successfully contended that there is no standard of purity, because the name "hydrogen peroxide" does not appear in the United States Pharmacopœia, where it appeared that "hydrogen dioxide," which is given therein, is the same drug.

[Ed. Note.—For other cases, see Adulteration, Cent. Dig. §§ 7–10; Dec. Dig. § 7.*]

2. ADULTERATION (§ 7*)—DEFENSES.

Under Laws 1910, c. 422, § 240, providing that, for a guaranty of purity of drugs to absolve the seller from liability, the guaranty must

specify that the manufacturer did not adulterate or misbrand the drug within the provisions of the statute of the state of New York; hence a guaranty of purity of drugs under the national Food and Drugs Act (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1911, p. 1354]) is insufficient.

[Ed. Note.—For other cases, see Adulteration, Cent. Dig. §§ 7–10; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the People of the State of New York against Nathan Straus and others. From a judgment assessing a penalty, defendants appeal. Affirmed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Wise & Seligsberg, of New York City (Isaac Lande, of New York City, of counsel), for appellants.

Thomas Carmody, Atty. Gen. (Jerome Steiner, of New York City, of counsel, and Joseph H. Kohan, of New York City, on the brief), for the People.

WHITAKER, J. Plaintiff recovered judgment against defendants for a penalty of $50 and costs in the Municipal Court of the City of New York without a jury on January 14, 1913, for selling a bottle of hydrogen peroxide not up to the standard required by law, and defendants appeal to this court.

It is claimed that the legal requirement is that the hydrogen peroxide sold by defendants should have contained 3 per cent. hydrogen dioxide, whereas it only contained 2.439 per cent., being about 20 per cent. below the requirement. Defendants claim that hydrogen peroxide does not appear in the United States Pharmacopœia, except in the index, and therefore no standard of purity or quality is prescribed. The United States Pharmacopœia does, however, recognize "hydrogen dioxide," and the evidence shows that hydrogen peroxide, the drug sold by defendants, and "hydrogen dioxide," are the same, and the quality of the latter is prescribed at 3 per cent. Defendant also claims that from the time of the purchase of the article on October 2d until October 10th, the day it was analyzed, it was handled and kept in such a way as would tend to its deterioration to the extent of its deficiency. The defendants also claim that, the goods having been "guaranteed" to them "under the Food and Drugs Act, June 30, 1906," which is the national act, they are absolved from liability by section 240 of chapter 422, Laws of 1910.

[1] So far as the first of these defenses is concerned, it would be absurd to allow the sale of an impure or imperfect standard article, the uses and purposes of which are known and recognized by the public, by simply changing the name from the one used in the United States Pharmacopœia to one conveying the same meaning to the public, but somewhat differently expressed. The case of State Board of Pharmacy v. Gassan, 195 N. Y. 197, 88 N. E. 55, cited by defendants to uphold this portion of their defense, has no application. That action was for the sale of impure cream of tartar by a grocer, and the statute

applied neither to the person who sold nor to the article as sold by him.

Concerning the second claim of defendants, that was a question of fact, which was decided in favor of plaintiff upon what I consider a preponderance of evidence.

[2] As to the third claim by the defendants: The guaranty which they claim absolves them was a guaranty made under the United States statute, and was simply "that all goods billed hereon are guaranteed under the Food and Drugs Act, June 30, 1906, No. 35,267." Chapter 422, Laws 1910, in section 240, provides that a guaranty, to absolve the seller from liability, must be a guaranty of the manufacturer or seller to the effect that the drug was not adulterated or misbranded within the meaning of that article, and must state that the drugs are not adulterated, misbranded, or substituted within the meaning of the provisions of the statutes of the state of New York, and other statements are also required to be stated in the guaranty. The guaranty claimed by defendants does not comply with this section.

Judgment should be affirmed, with costs.

BIJUR, J., concurs. LEHMAN, J., taking no part.